SILER, Circuit Judge
dissenting.
With all due respect to my colleagues, I respectfully dissent. In my opinion, when the district court considered all of the factors under 18 U.S.C. § 3553(a), and departed below the Guidelines range for 17 months, the court complied with the sentencing discretion under Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
I agree that the Guidelines range for this offense appears to be unduly harsh for such conduct by Calderon-Minchola. Moreover, had I been the district judge in the case, I might very well have rendered a different sentence. However, “[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.” Id. at 51, 128 S.Ct. at 597.
As the majority declares, we have not adopted a rebuttable presumption of reasonableness for within-Guidelines sentences. See United States v. Cooper, 437 F.3d 324, 331-32 (3d Cir.2006). The majority goes on to say that a sentence below the Guidelines range also does not have a presumption of reasonableness. Nevertheless, I would follow the decision in United States v. Tomko, 562 F.3d 558, 573-74 (3d Cir.2009) (en banc), where this court found a downward variance from a Guidelines range of 12 to 18 months to probation and home detention was not an unreasonable sentence. Therefore, in this case, I would likewise find that the variance of 17 months below the Guidelines range was not unreasonable.